**Merry SUNDAY, Plaintiff,**

**v.**

**Carl J. BURK and Frank Phillips Produce Co., a corporation, Defendants, Counter-Claimants and Third Party Plaintiffs (Merry Sunday, Counter-Defendant, E. R. Franks, Counter-Defendant, Third Party Defendant, and Counter-Claimant, Essie B. Franks and Traders and General Insurance Company, Intervenors, Midway Trailer Manufacturing Co., Intervenor).**

**Civ. A. No. 772.**

United States District Court
W. D. Arkansas,
Hot Springs Division.

May 5, 1959.

1. Cf. Jones v. Fox Film Corporation, 5 Cir., 1934, 68 F.2d 116.

2. Cf. Compania Maritima Ador, S.A., v. Navico A. G., D.C.S.D.N.Y., 173 F.Supp. 839.

Wendell Epperson, Malvern, Ark., for Merry Sunday.

James C. Cole, Malvern, Ark., Louis Tarlowski, Little Rock, Ark., for Carl J. Burk and Frank Phillips Produce Co.

James H. Campbell, Houston, Tex., for E. R. Franks.

Charles A. Wade, Little Rock, Ark., for Midway Trailer Mfg. Co., Gannaway & Gannaway, Little Rock, Ark., for Essie B. Franks and Traders and Gen. Ins. Co.

JOHN E. MILLER, Chief Judge.

### Statement

The complaint herein was originally filed January 9, 1959, by Merry Sunday in the Circuit Court for Hot Spring County, Arkansas, against the defendants, Carl J. Burk and Frank Phillips Produce Company, hereafter referred to as Burk and Phillips. The complaint alleged that Burk was an employee of Phillips, and in the course of his employment drove a Phillips tractor-trailer into an automobile in which Merry Sunday was riding. The complaint stated several allegations of negligence and prayed damages in the sum of $10,000.

The defendants, Burk and Phillips, answered, denied any negligence, and counterclaimed against the plaintiff, Merry Sunday, for personal injuries to the defendant Burk and property damage to the Phillips tractor and trailer. Burk and Phillips at the same time filed a third-party complaint against E. R. Franks, in which they alleged that he was the owner of the automobile in which the plaintiff was riding; that he was occupying the vehicle at the time of the collision, and that he was guilty of negligence in failing to direct the plaintiff, Merry Sunday, to stop his vehicle before entering a through highway.

Thereafter E. R. Franks filed his answer to the defendants' third party complaint and a cross-claim against the defendants, in which he alleged that the defendant Burk drove the Phillips tractor-trailer unit into the rear end of his automobile, and that Burk was guilty of negligence in failing to maintain a proper lookout, in driving at an excessive rate of speed, in failing to apply his brakes, and in failing to keep his truck under proper control.

With the pleadings in this state, the plaintiff, Merry Sunday, filed an amendment to her complaint in the Circuit Court of Hot Spring County, in which she alleged damages in the sum of $100,000. The defendants, Burk and Phillips, thereupon removed the case to this court.

Thereafter Essie B. Franks and Traders and General Insurance Company were permitted to file an intervention in which they alleged that Essie B. Franks was the sole owner of the automobile, that the same had been repaired at a total cost of $807.93, $100 of which had been paid by Essie B. Franks and $707.93 of which had been paid by the Traders and General Insurance Company under a policy of collision insurance. The intervenors alleged that the defendants, Burk and Phillips, were guilty of negligence and prayed damages in the sum of $807.93.

The Midway Trailer Manufacturing Company was permitted to file an intervention in which it alleged that it was the owner of a Chevrolet tractor, which was properly parked near the point of impact and which was damaged in the sum of $3,261 as a result of being struck by the Phillips tractor-trailer unit. It further alleged that the defendants, Burk and Phillips, the plaintiff, Merry Sunday, and the cross-claimant, E. R. Franks, were guilty of negligence which proximately caused the collision and its damages.

Following the filing of the interventions, the defendants, Burk and Phillips, concluded a settlement with the plaintiff, Merry Sunday, and upon stipulation of

the parties all claims between Merry Sunday and Burk and Phillips were dismissed with prejudice. For convenience E. R. Franks will be denominated as cross-claimant and Burk and Phillips as cross-defendants.

On April 22, 1959, the claims of the cross-claimant, E. R. Franks, and the cross-defendants, Burk and Phillips, along with the interventions were tried to the court.

The parties stipulated that the intervenors' damages were as set forth in their respective interventions.

Following the conclusion of all the testimony, the court heard oral arguments for each party, and the case was submitted and taken under consideration. The court has considered all the testimony and the exhibits thereto, and now makes and files its formal Findings of Fact and Conclusions of Law.

Findings of Fact

1.

The cross-claimant, E. R. Franks, is a citizen of Texas, residing in the City of Houston. The cross-defendant, Frank Phillips Produce Company, is a Tennessee corporation with its principal place of business in Memphis, Tennessee, and is authorized to do business in the State of Arkansas. The cross-defendant, Carl J. Burk, is a citizen of Tennessee, residing in the City of Memphis. The amount in controversy is in excess of $10,000.

2.

On the morning of December 23, 1958, E. R. Franks and Merry Sunday were the sole occupants of a 1957 Plymouth automobile owned by Franks' wife, Essie B. Franks, who was not present. Franks was driving the vehicle from the Oaks Tourist Court with the intention of driving north on U. S. Highway 67 from the private driveway of the Oaks Court. The tourist court is situated approximately one and one-half miles south of Malvern, Arkansas, on the east side and some distance back from Highway 67. Highway 67 is a main traveled U. S. Highway, and in that vicinity runs generally in a north and south direction. The private driveway leading to and from the Oaks Court runs east and west and intersects the highway at a right angle.

Franks, driving his wife's automobile, proceeded from the court along the private driveway in a westerly direction toward Highway 67, and when he reached the intersection turned right or north, intending to drive toward Little Rock. At the same time the tractor and trailer owned by the defendant Phillips and driven by the defendant Burk was approaching from the south on Highway 67 but had not reached the intersection with the driveway to the Oaks Court. Shortly after Franks made his right turn onto Highway 67, the vehicle which he was driving was struck on the left rear end by the tractor-trailer driven by Burk.

3.

The collision occurred at approximately 7:00 a. m. At that time the highway and surrounding area was under a heavy fog, and there had been some rain. Highway 67 at this point is 24 feet wide and has an asphalt surface which was wet and slick.

The driveway from the Oaks Court to the highway is approximately 50 feet wide and is surfaced with gravel. Highway 67 from the intersection with the driveway to a point approximately .7 mile south is straight, and except for a slight rise approximately .3 mile south of the private driveway it was level. Beginning at a point about 35 feet from the highway on the driveway, visibility of the highway looking in a southerly direction is relatively unobstructed, and at that point vehicular traffic upon Highway 67 may be seen for a distance of about .3 mile. Visibility is increasingly better as one approaches the intersection, and from a point on the driveway at or near the highway there is no obstruction which prevents a view of the highway in a southerly direction for approximately .7 mile.

4.

As Franks drove the automobile along the driveway, he made a right turn onto

the highway without coming to a full stop and without observing the traffic approaching from the south and traveling in a northerly direction. At the time he entered the highway the tractor-trailer unit driven by Burk was about 150 feet to the south. Burk blew his air horn but his unit continued to proceed in a northerly direction until it struck the vehicle driven by Franks at a point approximately 100 to 150 feet north of the driveway from which Franks had entered the highway.

Following the impact the Franks' vehicle came to rest off the highway in an easterly direction 96 steps from the point of impact. The tractor-trailer unit proceeded in a northerly direction off on the east shoulder of the road, striking and shearing a pole that was supporting electrical power lines, and subsequently striking the Chevrolet tractor unit belonging to the intervenor, Midway Trailer Manufacturing Company. The Chevrolet tractor was properly parked in a private area fronting Norman's Steak House on the east side of the highway. When the defendant's tractor had come to a rest, it was approximately 96 steps from the point of impact, and the trailer had turned over on its side, although the cab remained upright.

5.

Burk, the driver of the tractor-trailer unit belonging to Phillips, was a regular employee of Phillips, and at the time of the collision was engaged in hauling a load of lettuce from Hopeville, California, to Memphis, Tennessee, under the direction of his employer. He had left Grapevine, Texas, on the preceding night at 9:00 p. m., and except for short stops had driven continuously until the time of the collision.

The tractor was equipped with numerous lights, all of which were burning at the time of and immediately prior to the collision, including two headlights, two airplane lantern or fog lights, and eight cab lights, as well as the lights on the trailer. All of these lights were visible for a considerable distance. General visibility did not exceed 300 feet however.

The brakes on the tractor-trailer driven by Burk were in good repair, and he testified without contradiction that he applied the brakes when he first saw the automobile on the highway. There were no tire marks on the pavement indicating that Burk had applied the brakes of the trailer or tractor, but the composition of the pavement was such as not to show tire marks when wet, and the rut marks upon the east shoulder when the cross-defendants' tractor-trailer unit left the highway were made by locked wheels, indicating that the brakes had been applied.

6.

The vehicle driven by Franks was the sole property of Essie B. Franks, his wife, who was not present at the time of the collision. The difference between the fair market value of the Franks' vehicle immediately before and immediately after the collision was $807.93. Of this amount Essie B. Franks paid $100, and her insurance carrier, the intervenor, Traders and General Insurance Company, paid $707.93 and was subrogated to her right of recovery.

The Chevrolet tractor belonged to the Midway Trailer Manufacturing Company, and was properly parked in a private area when it was struck by the defendant's tractor and trailer. The difference between the fair market value of the Chevrolet tractor belonging to Midway immediately before and immediately after the collision was $3,261.

There was considerable damage to the tractor and trailer belonging to Phillips, and minor personal injuries suffered by the cross-defendant Burk and also by the cross-claimant, E. R. Franks. However, the court's finding as to their negligence makes it unnecessary to determine their monetary damages.

Discussion

It will be noted that the defendants, Burk and Phillips, in their cross-claim against E. R. Franks alleged that Merry Sunday was the driver of the Franks' ve-

hicle and that Franks was an occupant, asserting negligence against Franks on the grounds that he failed to direct Merry Sunday to stop at the intersection. However, the defendants, Burk and Phillips, introduced evidence going to the issue of Franks' negligence as the driver without objection, and Franks himself testified that he was the driver of the automobile.

■ This case is governed by the comparative negligence statute, Ark.Stat. Ann. Secs. 27–1730.1 and 27–1730.2 (1959 Supp.) which provides that contributory negligence of any party is not a bar to recovery of damages except where such negligence is equal to or greater than that of an opposing party. Thus, where the negligence of two parties is equal, neither can recover.

■ The cross-defendant, Carl J. Burk, was under a duty to drive the tractor-trailer unit at a speed which was reasonable considering all of the circumstances and conditions which existed at the time. This common-law rule is also statutory in Arkansas. Ark.Stat.Ann. Sec. 75–601(a) (1947).

■ The exact time of the collision is disputed. Burk testified that it occurred 17 minutes until 7 o'clock, at a time when he would have been driving 17 minutes less than 10 hours. Franks placed the time at shortly after 7:00 a. m. The court has not found it necessary to determine the exact time of the collision, but it is apparent that anyone who has been driving approximately ten hours is unlikely to be as quick to react to emergencies or complications as one who has driven only a relatively short period. This is one of the conditions which a driver must consider in determining the rate of speed at which he drives a motor vehicle. In this instance the driver was faced with extremely bad weather and the fog was so thick that visibility, particularly at this time of day, was poor. Under the circumstances it was necessary for any driver upon the highway at the time and place of the collision to rely upon lighted objects for any visibility

beyond 300 feet. In addition, the asphalt pavement of Highway 67 was so wet that the application of brakes was very inefficient to bring a motor vehicle to a quick stop. In view of the fact that Burk was not only unable to stop the tractor and trailer unit but continued down the highway and came to a rest only after shearing a power-line pole and severely damaging a parked tractor, the court is convinced that regardless of how reasonable his speed may have been under fair weather conditions, it was excessive under all of the circumstances of this case. If, as Burk testified and the court has found, he applied his brakes but the water upon the highway was such that no tire marks were left, he was driving much too fast considering this condition of the highway. It is true that a driver is not required to anticipate a violation of the law upon the part of other drivers, but the court is also convinced that the collision could have been avoided had the defendant Burk been driving at a reasonable rate of speed under the circumstances existing at the time.

It is equally apparent that the collision could have been avoided had Franks kept a proper lookout for traffic proceeding in a northerly direction upon Highway 67. As the court has found, he did not observe the defendant's truck although his vision was unobstructed for a considerable distance, and although the truck was well lighted and easily visible for a distance in excess of 300 feet. Ark.Stat. Ann. Sec. 75–624 (1947), provides:

"The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all vehicles approaching on said highway."

This, admittedly, Franks did not do, and the court is convinced that he was guilty of negligence in entering the highway without first keeping a proper lookout for vehicles which might be traveling thereon.

■ Although the defendants, Burk and Phillips, dismissed their claim against Merry Sunday, the intervenor, Midway Trailer Manufacturing Compa-

ny, did not do so. However, there is no proof that Merry Sunday was in anywise responsible for the collision and ensuing damages. There is a suggestion that she was engaged upon a joint enterprise with E. R. Franks and that his negligence is therefore imputable to her. As indicated, however, this is a suggestion only, and the court does not feel that the burden of proof which falls upon Midway to prove such a joint enterprise has been met.

■ The cross-defendants, Burk and Phillips, in addition to their claim against E. R. Franks for their alleged property damage and personal injuries have prayed for a judgment of contribution against him in the event they are held jointly liable for the claim of Midway Trailer Manufacturing Company. The governing statute on this claim is Ark.Stat.Ann. Sec. 34–1007(3) (1947), which provides that one seeking contribution may move for judgment for contribution against any other joint judgment debtor only when and if he has discharged more than his pro rata share of the judgment. The court has concluded that Burk and Phillips are jointly and severally liable along with E. R. Franks for the damages sustained by Midway and by Essie B. Franks. Upon the payment of the entire judgment in favor of Midway and in favor of Essie B. Franks and Traders and General Insurance Company by the defendants, Burk and Phillips, they may file a motion for judgment for contribution against E. R. Franks in accordance with the above statute.

## Conclusions of Law

### 1.

The court has jurisdiction of the parties and the subject matter herein.

### 2.

The defendant, Carl J. Burk, was guilty of negligence which was a proximate cause of the damages sustained to the automobile owned by Essie B. Franks and of the damages sustained to the Chevrolet tractor owned by the intervenor, Midway Trailer Manufacturing Company. Such negligence is equal to 50 percent of the total negligence involved in the collision. Carl J. Burk was a servant and employee of the defendant, Frank Phillips Produce Company, and was acting within the scope of his employment at the time of the collision.

### 3.

The cross-claimant, E. R. Franks, was guilty of negligence which was a proximate cause of the damages to the automobile owned by Essie B. Franks and a proximate cause of the damages to the Chevrolet tractor owned by the intervenor, Midway Trailer Manufacturing Company. Such negligence was equal to 50 percent of the total negligence involved in the collision.

### 4.

The cross-claimant, E. R. Franks, is not entitled to recover from the cross-defendants, Carl J. Burk and Frank Phillips Produce Company, or either of them, for the personal injuries sustained by him as a result of the collision of the automobile driven by him and the tractor-trailer driven by Burk, and the cross-claim against the cross-defendants, Carl J. Burk and Frank Phillips Produce Company, should be dismissed.

### 5.

The cross-defendants, Carl J. Burk and Frank Phillips Produce Company, or either of them, are not entitled to recover from the cross-claimant, E. R. Franks, for the personal injuries of Burk or the property damage of Frank Phillips Produce Company, and their third party complaint against the third party defendant and cross-claimant, E. R. Franks, should be dismissed.

### 6.

Merry Sunday was not engaged upon a joint enterprise with E. R. Franks, and was guilty of no negligence.

### 7.

Midway Trailer Manufacturing Company was not guilty of any negligence and Essie B. Franks was not guilty of any negligence, and the negligence of E. R. Franks is not imputable to Essie B.

Franks. Essie B. Franks is entitled to recover of and from Carl J. Burk and Frank Phillips Produce Company and E. R. Franks, jointly and severally, the sum of $100. The Traders and General Insurance Company is entitled to recover of and from Carl J. Burk and Frank Phillips Produce Company and E. R. Franks, jointly and severally, the sum of $707.93. The Midway Trailer Manufacturing Company is entitled to recover of and from Carl J. Burk and Frank Phillips Produce Company and E. R. Franks, jointly and severally, the sum of $3,261.

8.

Upon payment of the full amount of the judgment in favor of Essie B. Franks and Traders and General Insurance Company for the damages to the automobile, and the judgment in favor of Midway Trailer Manufacturing Company, the defendants, Carl J. Burk and Frank Phillips Produce Company, upon proper motion will be entitled to contribution from E. R. Franks in the amount of 50 percent of such judgments.

A judgment in accordance with the above is being entered today.